Filed 6/30/23  P. v. Mulato CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARTIN F. MULATO,<br><br>Defendant and Appellant. | F085148<br><br>(Super. Ct. No. CRF55581)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

## INTRODUCTION

The convictions in this case arose out of a fight in state prison in 2017, during which defendant Martin F. Mulato and another inmate attacked a third inmate.[1] Defendant appeals following remand of this matter to the trial court to conduct a full resentencing hearing. Defendant claims that this matter must again be remanded to the trial court for recalculation of his actual custody credits and that the abstract of judgment must be corrected to reflect imposition of a great bodily injury (GBI) enhancement pursuant to Penal Code section 12022.7, subdivision (a), rather than subdivision (i).[2] The People concede error with respect to both claims.

For the reasons set forth below, we remand the matter to the trial court to recalculate defendant's actual custody credits through the date of the 2022 resentencing hearing.[3] The trial court shall then issue an amended abstract of judgment with the updated custody credits and correction of the enhancement to subdivision (a) of section 12022.7. We also direct the trial court to correct the date of the hearing in the caption to reflect the date of the resentencing hearing in 2022 and to reflect that the 2022 hearing was a resentencing following appeal. The judgment is otherwise affirmed.

## PROCEDURAL BACKGROUND

Defendant was charged with two felonies, assault by a prisoner with a deadly weapon (fists) and with force likely to produce GBI, with an attached sentence enhancement for personal infliction of GBI (count 1), and battery with infliction of serious bodily injury (count 2). (§§ 4501, 12022.7, subd. (a), 243, subd. (d).) The

---

[1]    We take judicial notice of the record from defendant's prior appeal and our opinion in *People v. Mulato* (May 10, 2022, F081891) [nonpub. opn.] (*Mulato I*). (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) The claims raised in this appeal do not involve the underlying facts and we need not further summarize them.

[2]    All further statutory references are to the Penal Code.

[3]    As noted below, the reporter's transcript and the clerk's minute order are in conflict with respect to the date.

information also alleged that defendant suffered one prior serious or violent felony conviction within the meaning of the "Three Strikes" law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

On the morning of trial, defendant entered an open plea of guilty to counts 1 and 2, and he admitted the sentence enhancement and prior strike conviction as charged. The trial court subsequently purported to grant defendant's *Romero*[4] motion under former section 1385, but its ruling expressly struck the GBI enhancement punishment under section 12022.7. Approximately one month later, the trial court sentenced defendant to the middle term of four years on count 1, plus an additional three years for the GBI enhancement. On count 2, the court imposed the middle term of three years, to run concurrently with the term on count 1. The court also imposed a restitution fine of $2,700 under section 1202.4, subdivision (b)(1), and a parole revocation restitution fine of $2,700 under section 1202.45, subdivision (a), suspended.

Defendant advanced one claim on appeal. Relying on the decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, he argued that his trial counsel's failure to object to imposition of the restitution fine and parole revocation restitution fine constituted ineffective assistance of counsel and that the error was prejudicial. The People responded that defendant had shown neither error nor prejudice.

This court determined that the record reflected several errors not raised by the parties. As explained in *Mulato I*, the trial court expressly struck the punishment for the GBI enhancement under section 12022.7, but later imposed the three-year enhancement; the court failed to double defendant's base term under the Three Strikes law after it mistakenly recalled it previously struck the prior felony conviction; and the court imposed a concurrent term on count 2 instead of imposing and staying the sentence under section 654, former subdivision (a). (*Mulato I, supra*, F081891.) The errors resulted in

---

[4]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530.

3.

an unauthorized sentence (*People v. Smith* (2001) 24 Cal.4th 849, 852; accord, *People v. Mendez* (2019) 7 Cal.5th 680, 716), and we vacated the sentence and remanded the matter for a full resentencing (*People v. Buycks* (2018) 5 Cal.5th 857, 893). We directed the trial court to clarify its discretionary sentencing choices under section 1385 and impose a sentence consistent with those choices, and to impose and stay the sentence on one of the counts under section 654, as amended by Assembly Bill No. 518, effective January 1, 2022. (Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518).) We also noted that the record failed to specify whether defendant pleaded guilty to and was sentenced on section 4501, subdivision (a), assault with a deadly weapon, or section 4501, subdivision (b), assault with force likely to produce GBI, and we left the issue for the parties and the trial court to address in the first instance on remand.[5] Given the necessity of a full resentencing, we concluded that defendant's claim that his counsel was ineffective for failing to object to imposition of the restitution and parole revocation restitution fines was moot and we declined to reach it.

On remand, the trial court held a resentencing hearing. The hearing reflects that defendant's prior strike conviction was stricken. With respect to count 1, the court imposed the middle term of four years for violation of section 4501, subdivision (b), plus three years for the GBI enhancement, for a total determinate term of seven years. On

---

[5]    As we explained in *Mulato I* (*Mulato I, supra*, F081891), in the trial court, the matter was treated broadly as a conviction for violating section 4501 and while the two subdivisions carry the same sentencing triad of two, four, or six years, they are different offenses and violation of subdivision (a) of section 4501 is a serious felony within the meaning of the Three Strikes law while subdivision (b) is not. (§§ 667, subd. (d)(1), 1192.7, subd. (c)(13.) We recognized that the GBI enhancement attached to count 1 also elevated the section 4501 offense to a strike offense, as alleged in the information (§§ 667, subd. (d)(1), 667.5, subd. (c)(8), 1192.7, subd. (c)(8)), but the trial court had the discretion to strike the enhancement. Therefore, we directed the trial court to consider the issue in the context of section 1385 as amended by Senate Bill No. 81, effective January 1, 2022. (Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81).)

count 2, the court imposed the middle term of three years, stayed under section 654.[6] The court reduced the restitution fine to $300 and the parole revocation restitution fine to $300, suspended.  (§§ 1202.4, subd. (b)(1), 1202.45, subd. (a).)  The prosecutor then inquired about updating defendant's credits, but the court indicated that would be done by the California Department of Corrections and Rehabilitation.

Defendant filed a notice of appeal advancing two claims.  One, the trial court erred when it failed to recalculate his actual custody credits, necessitating remand.  Two, the abstract of judgment must be corrected to reflect imposition of a GBI enhancement under section 12022.7, subdivision (a), rather than section 12022.7, subdivision (i).  The People concede both errors.

We accept the concessions and remand this matter to the trial court to recalculate defendant's actual custody credits and direct the issuance of an amended abstract of judgment that reflects the updated credits and the imposition of a GBI enhancement under section 12022.7, subdivision (a).  In addition, on our own motion, we direct the trial court to ensure that the abstract of judgment reflects the date of the resentencing hearing rather than the original sentencing hearing date and that defendant was resentenced following a decision on appeal.

## DISCUSSION

## I.    Custody Credit Recalculation

Following defendant's direct appeal, we vacated his sentence and remanded for a full resentencing hearing.  The parties agree that under this circumstance, the trial court erred when it failed to recalculate defendant's actual custody credits at the resentencing hearing, and that remand for recalculation is required.  The parties also agree that

---

[6]    The court expressly elected to stay count 2 under section 654, as amended by Assembly Bill 518.

5.

defendant is entitled to an additional 759 days of credit, through the date the abstract of judgment was filed on September 14, 2022.

"When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.'" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.) Therefore, we agree with the parties that the trial court erred when it declined to recalculate defendant's actual time credits between the date of his original sentencing hearing and his resentencing hearing. (*Id.* at p. 29; *People v. Sek* (2022) 74 Cal.App.5th 657, 673.) However, we disagree that the operative date for the purpose of recalculation is the date the abstract of judgment was filed. The relevant date is the date of resentencing. (*People v. Buckhalter, supra*, at p. 31 ["The agency to which the defendant is committed, not the trial court, has the responsibility to calculate and apply any custody credits that have accrued between the imposition of sentence and physical delivery of the defendant to the agency."]; *People v. Sek, supra*, at p. 673 [trial court must update actual time credits served between original sentencing hearing and resentencing hearing]; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48 ["Calculation of custody credit begins on the day of arrest and continues through the day of sentencing."].)

In this case, the reporter's transcript reflects that resentencing occurred on August 9, 2022, and the minute order reflects that resentencing occurred on September 9, 2022. Based on defendant's notice of appeal, it appears that resentencing occurred on the latter date. On remand the trial court shall recalculate defendant's actual custody credits through the date of the resentencing hearing and issue an amended abstract of judgment that reflects the updated credits in part 16. Additionally, on our own motion, we direct the court to ensure that the caption of the amended abstract of judgment is corrected to reflect the date of the resentencing hearing rather than the date of the original sentencing hearing, and that part 15(b) of the abstract of judgment is corrected to reflect imposition

6.

of sentence at resentencing per decision on appeal.  (*People v. Jones* (2012) 54 Cal.4th 1, 89.)

## II.     Clerical Error in Abstract of Judgment

The parties also agree that reference in the amended abstract of judgment to imposition of a three-year enhancement under section 12022.7, subdivision (i), rather than section 12022.7, subdivision (a), is the result of a clerical error.  "Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error" (*People v. Leon* (2020) 8 Cal.5th 831, 855, citing *People v. Mesa* (1975) 14 Cal.3d 466, 471), and we may order correction on review (*People v. Mitchell* (2001) 26 Cal.4th 181, 185, quoting *In re Candelario* (1970) 3 Cal.3d 702, 705).  Accordingly, in issuing an amended abstract of judgment correcting the errors addressed in part I. of the Discussion, the court shall ensure this clerical error is corrected.

## DISPOSITION

This matter is remanded for the trial court to recalculate defendant's actual custody credits and to issue an amended abstract of judgment reflecting:  (1) the date of the resentencing hearing in the caption; (2) imposition of a three-year sentence under section 12022.7, subdivision (a), in part 2; (3) resentencing per decision on appeal in part 15(b); and (4) the recalculated custody credits in part 16.

The judgment is otherwise affirmed.